# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO.: CR214-032

AQUILLA TERRELL RANDOLPH

## ORDER

Defendant Aquilla Terrell Randolph ("Defendant") has been indicted for several counts of: wire fraud, in violation of 18 U.S.C. § 1343; making false claims, in violation of 18 U.S.C. § 287; and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Defendant has moved to exclude evidence of statements he made during interviews with Internal Revenue Service Special Agents Jason Dulin and Stephanie Huebner. Defendant asserts that Federal Rule of Evidence 410 protects a defendant's statements made during plea negotiations which are made before a written agreement is made. Defendant contends that any statements he made to Special Agents Dulin and Huebner during these interviews are protected under Rule 410.

The Government responds that Defendant made certain statements during an interview in May 2013, which was nine (9) months before the proffer agreement was entered on February 27, 2014. The Government asserts that Defendant fails to provide any factual basis for his assertion that his statements made during this interview were provided in the context of plea negotiations, and there is no basis for exclusion under

Rule 410. The Government also asserts that the statements Defendant made during interviews on March 13 and 15, 2014, would ordinarily be protected by the proffer agreement. However, the Government alleges, Defendant breached the proffer agreement by failing to be "truthful and complete", as set forth in the agreement. (Doc. No. 23, p. 5). The Government contends that it is free to use Defendant's statements from these two interviews because the proffer contained false information and material omissions. The Government avers that it has yet to decide which statements it will use, if any, at trial and as such, Defendant's motion is premature. The Government asserts that it will provide notice no later than fourteen (14) days in advance of a trial of the statements it intends to use.

Upon review, Defendant's Motion is **DISMISSED** as premature. In the event the Government determines it intends to use any statements Defendant made during his interviews with the Special Agents in its case-in-chief and provides proper notice to Defendant, Defendant may re-urge his motion. However, in response, the Government will be directed to provide the Court with particular instances of Defendant's untruthfulness or any other action deemed to be in breach of the proffer agreement.

**SO ORDERED**, this 16th day of January, 2015.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)