IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

AQUILLA TERRELL RANDOLPH,

Petitioner,

v.

WARDEN VINCE FLOURNOY,

Respondent.

CIVIL ACTION NO.: 2:16-cv-12

## O R D E R

This matter is before the Court on Petitioner's Motion for Reconsideration of this Court's Order dated February 18, 2016. (Doc. 5.) Also before the Court is Respondent's Motion for Extension of Time. (Doc. 6.) After consideration and for the reasons which follow, the Court **DENIES as moot** Petitioner's Motion for Reconsideration and **GRANTS** Respondent's Motion for Extension of Time.

## BACKGROUND

Petitioner pleaded guilty to wire fraud and aggravated identity theft on April 28, 2015, and was sentenced to 68 months' imprisonment. Plea Agreement, United States v. Randolph, No. 2:14-cr-32 (S.D. Ga. Apr. 28, 2015), ECF No. 88; J., United States v. Randolph, No. 2:14-cr-32 (S.D. Ga. Aug. 28, 2015), ECF No. 102. Plaintiff filed an appeal of his conviction and sentence on August 31, 2015. Notice of Appeal, United States v. Randolph, No. 2:14-cr-32 (S.D. Ga. Aug. 31, 2015), ECF No. 103. Prior to the resolution of that appeal, Petitioner filed the instant 28 U.S.C. § 2255 Motion. Respondent then filed a Motion to Stay Petitioner's Section 2255 proceedings until the conclusion of his appeal, (doc. 3), contending that a Section 2255 Motion "is not properly considered on its merits while a direct appeal is pending, because the disposition of that appeal may render the petition moot, particularly where the

petitioner raises the same claims in the district court and on appeal." (Doc. 3, pp. 1–2.) The Court granted Respondent's Motion to Stay by Order dated February 18, 2016, (doc. 4). Petitioner then filed a Motion for Reconsideration of the Court's Order granting Respondent's Motion to Stay. (Doc. 5.) Finally, Respondent filed a Motion for Extension of Time on May 10, 2016, in which he requested additional time to respond to Petitioner's Section 2255 Motion. (Doc. 6.)

In Petitioner's Motion for Reconsideration, he avers that his case should proceed, regardless of the pendency of his direct appeal, because "no conflicts between [his] direct appeal and [his] § 2255 Motion" exist. (Doc. 5, p. 1.) Specifically, Petitioner contends that, because his direct appeal concerns his sentencing, whereas his Section 2255 Motion addresses ineffective assistance of counsel claims, the two proceedings can and should proceed simultaneously. (Id. at p. 2.)

The decision to grant a motion for reconsideration is committed to the sound discretion of the district court. Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000). Motions for reconsideration are to be filed only when "absolutely necessary" where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003). "An error is not 'clear and obvious' if the legal issues are 'at least arguable.'" United States v. Battle, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (quoting Am. Home Assurance Co. v. Glenn Estess & Assoc., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985)). Motions for reconsideration are not appropriate to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it "could have done it better" the first time. Pres. Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs., 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd 97 F.3d 1242 (11th Cir. 1996).

It does not appear Petitioner seeks reconsideration of this Court's February 18, 2016, Order based on newly discovered evidence or an intervening development or change in controlling law. Accordingly, the basis for his Motion must be an argument that there is a need to correct a clear error of law or fact. See Bryan, 246 F. Supp. 2d at 1258–59. However, Petitioner has not shown that the Court made any clear errors of law or fact. Therefore, he has not met the standard for the granting of his Motion. Even assuming, *arguendo*, that Petitioner stated a valid basis for reconsideration of the Court's prior Order, his Motion is now moot. The Eleventh Circuit has ruled on Petitioner's previously pending appeal in that Court, obviating the need to stay proceedings in Petitioner's Section 2255 proceedings any longer. Moreover, Respondent has since filed a Response to Petitioner's Motion. Accordingly, the stay on Petitioner's 28 U.S.C. § 2255 is lifted, and his Motion for Reconsideration of the Court's prior Order staying these proceedings is moot. Consequently, the Court **DENIES as moot** Petitioner's Motion for Reconsideration.

Relatedly, Respondent has now filed a Response to Petitioner's Section 2255 Motion. The Court will consider that Response timely filed and will consider the points raised therein when ruling on Petitioner's Motion. In this manner, the Court **GRANTS** Respondent's Motion for Extension of Time.

**SO ORDERED**, this 8th day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA